UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. BROWN,

                Plaintiff,

v.

CHASE BANK, N.A. and
WASHINGTON MUTUAL BANK,

                Defendants,

                                              /

CASE NO. 2:12-CV-11440
JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE PAUL J. KOMIVES

## **SCHEDULING ORDER REGARDING DEFENDANT JPMORGAN CHASE BANK, N.A.'S APRIL 20, 2012 MOTION TO DISMISS (Doc. Ent. 7)**

**A.**    **Background**

**1.**    The instant lawsuit concerns the property located at 13976 West Outer Drive, Redford, Michigan 48239.[1] On May 23, 2007, Virginia Lee Marvin executed a quitclaim deed on the property to Michael A. Brown. Doc. Ent. 1-2 at 15-16. During May 2007, Michael A. Brown granted a mortgage on the property to Washington Mutual Bank in the amount of $71.250.00. Doc. Ent. 7-2.[2]

More than one year later, on September 25, 2008, the FDIC was appointed as a receiver for Washington Mutual Bank. Doc. Ent. 7-3. According to JPMorgan Chase Bank, N.A., "the FDIC-R in turn sold certain of [Washington Mutual Bank's] asserts to Chase - and Chase

---

[1]During October 1952, a Warranty Deed from Melvin W. Witte and Virginia A. Witte to Paul C. Marvin and Virginia Lee Marvin was executed on the property (Doc. Ent. 1-2 at 14).

[2]Brown also signed an adjustable rate rider and a "1-4 Family Rider." Doc. Ent. 7-2 at 17-22, 23-24.

acquired [Washington Mutual Bank's] interest in the Note and Mortgage in this case - pursuant to a Purchase and Assumption Agreement." Doc. Ent. 7 at 14.

According to an "Independent Foreclosure Review" form, the property "is or was active in the foreclosure process between January 1, 2009 and December 31, 2010." Doc. Ent. 1-2 at 18-20. It appears that, at some point, Brown requested a modification of his loan. By a letter dated February 1, 2011, Chase gave Brown a final notice regarding Brown's request for a loan modification. Doc. Ent. 1-2 at 24.

**2.** Plaintiff Michael A. Brown originally filed this foreclosure case on or about February 29, 2012 in Wayne County Circuit Court (Case No. 12-002822-CH) against defendants (JPMorgan) Chase Bank, N.A. and Washington Mutual Bank with respect to the property located at 13976 West Outer Drive, Redford, Michigan 48239. The title of plaintiff's complaint mentions, among other things, mortgage assignment fraud, securities fraud and servicing fraud by Chase and Washington Mutual, violations of the Deceptive Trade Practices Act[3] and Mich. Comp. Laws § 600.2109 ("Recorded conveyances and instruments; certified copies"), as well as unjust enrichment and a demand for quiet title. Doc. Ent. 1-2 at 6-12.[4] For example, Brown appears to take issue with the assignment of the mortgage from Washington Mutual Bank to Chase. Doc. Ent. 1-2 at 8 ¶ 11.

---

[3]Here, the Court suspects plaintiff is referring to the Michigan Consumer Protection Act (MCPA), Mich. Comp. Laws §§ 445.901-445.922.

[4]Among the attachments to this complaint are an independent foreclosure review (Doc. Ent. 1-2 at 18-20); a mortgage relief program eligibility notice, apparently from First American Mitigators, which Brown claims is a fraudulent document (Doc. Ent. 1-2 at 7 ¶ 6, Doc. Ent. 1-2 at 22); a November 28, 2011 invoice for search index (Doc. Ent. 1-2 at 26); and a January 9, 2012 invoice for search index and plain copy (Doc. Ent. 1-2 at 28).

On March 30, 2012, defendant Chase removed the case to this Court. Doc. Ent. 1. In part, the removal was based upon plaintiff's purported assertion of "federal causes of action against the defendant arising out of the Fair Debt Collection Practices Act[,] 15 U.S.C. § 1692[,][5] and the Real Estate Settlement Procedures Act, 12 U.S.C. [§]§ 2601 [-2617]." Doc. Ent. 1 ¶ 6 (citing Doc. Ent. 1-2 at 6-12 ¶¶ 5, 13).

Judge Lawson has referred this case to me for general case management. Doc. Ent. 5.

**B.     Pending Motion**

On April 16, 2012, I entered an order (Doc. Ent. 6) granting defendant's motion (Doc. Ent. 4) to extend time to file a response to plaintiff's complaint. Currently before the Court is defendant Chase's April 20, 2012 motion to dismiss. Doc. Ent. 7. Therein, defendant Chase argues:

> A.  As a threshold matter, plaintiff's complaint fails to meet minimum pleading standards under Fed. R. Civ. P. 8.
>
> B.  The complaint fails to meet minimum pleading standards for fraud under Fed. R. Civ. P. 9(b).

---

[5]For the sake of explanation, the Consumer Credit Protection Act (CCPA) is codified at 15 U.S.C. §§ 1601-1693r. The subchapters of the CCPA were recently explained by the 1st Circuit as follows: "**Subchapter I of the Consumer Credit Protection Act is the Truth in Lending Act ("TILA")**, 15 U.S.C. § 1601 et seq., which imposes disclosure requirements on creditors. **Subchapter II places restrictions on garnishment of compensation**, 15 U.S.C. § 1671 et seq. **Subchapter II-A is the Credit Repair Organizations Act**, 15 U.S.C. § 1679 et seq. , which protects consumers from unfair trade practices by credit repair organizations. **Subchapter III is the FCRA**, 15 U.S.C. § 1681 et seq. , which primarily regulates credit reporting agencies but also places requirements on users of credit information from these agencies. **Subchapter IV is the Equal Credit Opportunity Act**, 15 U.S.C. § 1691 et seq., which prohibits discrimination in the extension of credit. **Subchapter V is the Fair Debt Collection Practices Act**, 15 U.S.C. § 1692 et seq. **Subchapter VI is the Electronic Fund Transfer Act**, 15 U.S.C. § 1693 et seq. , which regulates the participants in electronic fund transfer systems." *Sullivan v. Greenwood Credit Union*, 520 F.3d 70, 73 (1st Cir. 2008) (emphasis added).

      C.      The complaint should also be dismissed because any purported claim that plaintiff could be attempting to make is barred.

Doc. Ent. 7 at 16-17, 18-19, 19-27. Within the last of these arguments, Chase addresses Brown's allegations regarding (1) assignment of the mortgage, (2) Mortgage Electronic Registration Systems (MERS), (3) Mich. Comp. Laws § 600.2109, (4) the Real Estate Settlement Procedures Act (RESPA), (5) the Fair Debt Collection Practices Act (FDCPA), (6) the Uniform Commercial Code (UCC), (7) Real Estate Mortgage Investment Conduit (REMIC), (8) unjust enrichment, and (9) quiet title. Doc. Ent. 7 at 9-27.

**C.**    **Discussion**

**1.**    On April 9, 2012, plaintiff filed a "response brief in opposition to defendants['] motion to dismiss," within which he presented a statement of questions:

> Whether Plaintiffs were Pro Se litigants and should be allowed to amend their pleading in conformity to the Federal Court Rules[?]
>
> Whether Plaintiffs have proper standing to raise Defendants['] lack of legitimate ownership interest in the indebtedness[?]
>
> Whether Plaintiffs have evidence of Defendants['] violation of the [FDCPA], 15 [U.S.C.] § 1692[?]
>
> Whether Plaintiffs can establish legal violations sufficient to demonstrate the need to QUIET TITLE[?]

Doc. Ent. 3 at 2. In the end, plaintiff Brown requests that the Court "deny Defendants['] motion to dismiss and allow Plaintiff to amend the complaint." Doc. Ent. 3 at 8.

      The problem with this filing is three-fold. First, its April 9, 2012 filing (Doc. Ent. 3) predates the only pending motion to dismiss (Doc. Ent. 7), which was filed by defendant Chase on April 20, 2012. Second, as defendant Chase points out in its April 20, 2012 motion to dismiss, "Plaintiff appears to have filed a form document as the Response, as virtually the exact

same document was also filed the same week by another Plaintiff in an entirely unrelated case." Doc. Ent. 7 at 15 n.4.[6] For these reasons, plaintiff's April 9, 2012 filing (Doc. Ent. 3) does not specifically respond to the arguments posed by defendant Chase's pending motion to dismiss.

Third, to the extent plaintiff is seeking permission to amend his complaint (Doc. Ent. 1-2 at 6-12),[7] his April 9, 2012 filing (Doc. Ent. 3) does not comply with E.D. Mich. LR 15.1 ("Form of a Motion to Amend and Its Supporting Documentation"), which states: "A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion." Therefore, plaintiff's April 9, 2012 request (Doc. Ent. 3) for permission to amend his complaint (Doc. Ent. 1-2 at 6-12) will be denied without prejudice to renewal in accordance with Fed. R. Civ. P. 15(a) and E.D. Mich. LR 15.1.

**2.** "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Ordinarily a response to defendant Chase's April 20, 2012 motion to dismiss (Doc. Ent. 7) would be due on or about May 14, 2012. E.D. Mich. LR 7.1(e)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion."), Fed. R. Civ. P. 6(d).

---

[6]*Compare* Doc. Ent. 4-2 (filed April 9, 2012 in *Brown v. JPMorgan Chase Bank, N.A., et al.*, Case No. 2:12-cv-11440-DML-PJK) with Doc. Ent. 7 (filed April 9, 2012 in *Marks v. Bank of America, et al.*, Case No. 2:12-cv-11364-JAC-MKM).

[7]Plaintiff's April 9, 2012 filing argues that he "and/or litigants should be allowed to amend their pleadings in conformity to the federal court rules[,]" within which he cites Fed. R. Civ. P. 15(a). Doc. Ent. 3 at 5-6.

5

However, upon consideration, plaintiff shall have up to and including Monday, July 2, 2012 by which to file a response to defendant Chase's April 20, 2012 motion to dismiss (Doc. Ent. 7).

**D.     Order**

Accordingly, plaintiff's April 9, 2012 request (Doc. Ent. 3) for permission to amend his complaint (Doc. Ent. 1-2 at 6-12) is DENIED without prejudice to renewal in accordance with Fed. R. Civ. P. 15(a) and E.D. Mich. LR 15.1.

Furthermore, plaintiff has up to and including Monday, July 2, 2012 by which to file a response to defendant Chase's April 20, 2012 motion to dismiss (Doc. Ent. 7). Any reply by defendant Chase shall be filed in accordance with E.D. Mich. LR 7.1. Thereafter, a report and recommendation will be issued on the papers without oral argument.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: May 3, 2012                    s/Paul J. Komives
                                  PAUL J. KOMIVES
                                  UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 3, 2012 electronically and/or U.S. mail.

                                                s/Michael Williams
                                                Relief Case Manager for the Honorable
                                                Paul J. Komives