UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. BROWN,

    Plaintiff,

    v.

CHASE BANK, N.A., and
WASHINGTON MUTUAL
BANK,

    Defendants.
_____/

CASE NO. 2:12-cv-11440
JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DISMISS (docket #7)**

I.   RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.  REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A.   *Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.   *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    C.   *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        1.   *Sufficiency of the Complaint as a General Matter* . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        2.   *Validity of Plaintiff's Various Legal Assertions* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
            a.  Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
            b.  Validity of Assignment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
            c.  Allegations Relating to MERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
            d.  MCLA § 600.2109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
            e.  RESPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
            f.  FDCPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
            g.  UCC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
            h.  REMIC Regulations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
            i.  Unjust Enrichment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
            j.  Quiet Title . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
            k.  Service Protection Agreement/HAMP . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
            l.  Slander of Title . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    D.   *Request for Leave to Amend* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    E.   *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
III. NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

I.      RECOMMENDATION: The Court should grant defendant's motion to dismiss.

II.     REPORT:

A.     *Background*

Plaintiff Michael A. Brown, proceeding *pro se*, commenced this action on February 29, 2012, in the Wayne County Circuit Court. Defendant JPMorgan Chase Bank, N.A.,[1] removed the action to this Court on March 30, 2012, pursuant to 28 U.S.C. §§ 1331, 1332, 1441(b). Taken in the light most favorable to plaintiff, the allegations in the complaint and the documents attached to defendants' motion to dismiss[2] establish the following.

On May 23, 2007, Virginia Lee Marvin executed a quitclaim deed in favor of plaintiff with respect to the property located at 13976 West Outer Drive, Redford, Michigan, officially described as "Lot 272 and the east 9 feet of vacant alley adjacent, 'Frischkorns City Park Subdivision,' as recorded in Liber 54, Page 9, Plats, WCR." *See* Compl., at 1, 15-16. On May 23, 2007, plaintiff granted a mortgage on the property to Washington Mutual in the amount of $71,250.00. The mortgage included an adjustable rate rider and a "1-4 Family Rider" granting a security interest in various fixtures connected to the property. *See* Def.s' Br., Ex. 2. On September 25, 2008, the FDIC was appointed the receiver for Washington Mutual. *See id*., Ex. 3. The receiver subsequently sold various Washington Mutual assets to defendant, including the Note and Mortgage executed by

---

[1]Plaintiff's complaint names as defendants Chase Bank, N.A., and Washington Mutual Bank. Chase Bank is appropriately referred to as JP Morgan Chase Bank, N.A. Further, as defendant notes in its notice of removal, Washington Mutual Bank is inappropriately named as a defendant because Washington Mutual is under the receivership of the Federal Deposit Insurance Corporation (FDIC). Chase acquired certain assets of Washington Mutual from the FDIC including, apparently, the mortgage at issue in this case. Because JP Morgan Chase Bank is the only proper defendant, I will use the singular "defendant" throughout this Report.

[2]As explained in part B, *infra*, these documents may be considered by the Court without converting defendants' motion to dismiss into a motion for summary judgment.

plaintiff. Sometime prior to the filing of his complaint, plaintiff received a notice informing him of his right to an Independent Foreclosure Review because his property "is or was active in the foreclosure process between January 1, 2009 and December 31, 2010." Compl., Evidence 6-A. It also appears that plaintiff at some point requested a loan modification. *See id.*, Evidence 6-B & 6-C. Plaintiff's complaint is otherwise devoid of any factual allegations relating to his claims. For instance, it is not discernible from the complaint whether defendant actually foreclosed on the note, or who now holds title to the property. Rather, the complaint merely sets forth a litany of legal claims or citations.

This matter is before the Court on defendant's motion to dismiss, filed on April 20, 2012. Defendant argues that plaintiff's complaint wholly fails to meet the minimum pleading standards of FED. R. CIV. P. 8. To the extent any specific claims are discernible, defendant argues that the claims fail as a matter of law. Specifically, defendant argues that: (1) any fraud claim has not been pleaded with particularity as required by FED. R. CIV. P. 9(b); (2) plaintiff has no standing to challenge the assignment of the mortgage; (3) any allegations relating to MERS are irrelevant and without merit in any event; (4) plaintiff has alleged no facts to establish a violation of MICH. COMP. LAWS § 600.2109; (5) any claim based on the Real Estate Settlement Procedures Act (RESPA) is without merit and barred by the statute of limitations; (6) any claim under the Fair Debt Collection Practices Act (FDCPA) is without merit because defendant is not a debt collector under the Act; (7) any claim premised on the Uniform Commercial Code fails as a matter of law; (8) any claim based on the Internal Revenue Service (IRS) regulations governing Real Estate Mortgage Investment Conduits (REMIC) fails because the REMIC regulations do not create an automatic private right of action; (9) plaintiff's unjust enrichment claim fails because the subject matter is governed by an

express contract; and (10) plaintiff's complaint fails to state a claim for quiet title. Plaintiff filed a response to the motion on October 18, 2002.[3] For the most part, plaintiff argues that he is entitled to amend his complaint because he is proceeding *pro se*. To the extent he makes any argument pertinent to defendant's motion to dismiss, they are that he has standing to challenge the assignment; he has evidence of violations of the FDCPA; and he can establish legal violations to demonstrate the need to quiet title. Plaintiff also asserts for the first time that defendants violated the Service Participation Agreement and the Home Affordable Modification Progam (HAMP), passed as part of the Emergency Stabilization Act of 2008, as well as a claim for slander of title. Defendant filed a reply on November 2, 2012. Defendant argues in its reply that: (1) plaintiff is not entitled to amend his complaint; (2) plaintiff's slander of title claim is improper and without merit; (3) plaintiff's FDCPA claim, quiet title and fraud claims, and challenge to the assignment are without merit; and (4) plaintiff failed to respond to any of defendant's argument regarding the remaining claims. For the reasons that follow, the Court should grant defendant's motion to dismiss.

B.  *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting

---

[3]Plaintiff has originally filed a document titled "Plaintiff's Response Brief in Opposition to Defendant' Motion to Dismiss Statement of Questions" on April 9, 2012, prior to the filing of defendant's motion to dismiss. On May 3, 2012, I entered an Order requiring plaintiff to file a response to defendant's motion by July 2, 2012, explaining that the document filed by plaintiff prior to defendant's motion to dismiss appeared to be a form document identical to a response filed by a different plaintiff in a different case, and thus that the document did not directly respond to the arguments made in defendant's motion to dismiss. Plaintiff did not meet the July 2, 2012, deadline, nor did he file a response directly addressing defendant's arguments. Rather, on October 18, 2012, plaintiff simply refiled the "response" he had filed previously.

his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id.* at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557 (brackets omitted).
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining

> whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).

To the extent that plaintiff alleges fraudulent conduct on the part of defendant, such allegations must satisfy the heightened pleading requirement of Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation omitted).

Ordinarily, a court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, Rule 10 provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c). Thus, the Court may consider the exhibits attached to plaintiff's complaint in deciding whether the complaint states a claim upon which relief may be granted. *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (in deciding a motion to dismiss, the court may

consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."); *Realtek Indus., Inc. v. Nomura Secs.*, 939 F. Supp. 572, 575 n.1 (N.D. Ohio 1996). Further, "[a] court may consider a document that is not formally incorporated by reference or attached to a complaint if the document is referred to in the complaint and is central to the plaintiff's claim" without converting the motion to dismiss into one for summary judgment. *Welch v. Decision One*, No. 12-10045, 2012 WL 4008730, at *2 (June 25, 2012) (Randon, M.J.) (citing *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)), *magistrate judge's report adopted*, 2012 WL 4020976 (E.D. Mich. Sept. 12, 2012) (Rosen, J.); *see also*, *Nixon v. Wilmington Trust Co.*, 543 F.3d 354, 357 n.2 (6th Cir. 2008). Thus, the court may consider the mortgage documents attached to defendant's motion without converting the motion into a motion for summary judgment.

C.    *Analysis*

    1.    *Sufficiency of the Complaint as a General Matter*

At the outset, plaintiff's complaint wholly fails to satisfy the requirements of Rule 8. As noted above, the complaint is wholly devoid of any factual allegations. The entirety of plaintiff's complaint consists of statements of general legal principles and conclusory assertions that defendant failed to do certain things. The complaint does not provide any factual information about the property, mortgage, or foreclosure at issue, or allege any specific acts or omissions on the part of defendant. Plaintiff's unadorned, conclusory allegations of harm, with no factual enhancement, fail to state a claim for relief. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555. Accordingly, the Court should grant defendant's motion to dismiss.

    2.    *Validity of Plaintiff's Various Legal Assertions*

Moreover, even delving into the specific legal principles and statutes cited by plaintiff in his complaint, it is clear that the complaint fails to state a claim upon which relief may be granted.

### a. Fraud

The title of plaintiff's complaint references "Mortgage Assignment Fraud/Securities Fraud/Servicing Fraud." Compl., at 1. The complaint also makes various assertions that defendants committed fraud or that certain documents are fraudulent. *See id.*, ¶¶ 6-8, 11, 15, 18, 20. Apart from simply asserting fraud, however, the complaint does not allege any specific fraudulent actions on the part of defendant or any of its agents or employees. Plaintiff does not allege, as required by Rule 9(b), who made fraudulent statements or omissions, what those statements were, when they were made, or how he relied on them to his detriment. Plaintiff's conclusory allegations of fraud are insufficient to state a claim. *See Harvey v. PNC Bank*, No. 12-CV-10620, 2012 WL 2524285, at *2 (E.D. Mich. June 29, 2012) (Hood, J.); *Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11-14100, 2012 WL 1902916, at *10 (E.D. Mich. May 25, 2012) (Rosen, J.). Accordingly, defendant is entitled to dismissal of the fraud claim.

### b. Validity of Assignment

To the extent plaintiff seeks to challenge the validity of the assignment from Washington Mutual to defendant, he lacks standing to pursue such a claim. The mortgage note explicitly grants the lender a right to sell or assign the note. *See* Def.s' Br., Ex. 1, ¶ 20. This being the case, any problems in the assignment between WAMU and defendant is a matter between those parties, but does not relieve plaintiff of the indebtedness or provide a basis upon which plaintiff can challenge the assignment. *See Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 736-37 (E.D. Mich.) (Feikens, J.), *aff'd*, 399 Fed. Appx. 97, 102-03 (6th Cir.

2010).

### c. Allegations Relating to MERS

Plaintiff's complaint alleges that "Defendant Mortgage Electronic Registration System (MERS) illegal and fraudulent interest is forbidden by law throughout the State of Michigan" and could not legally transfer the note. Compl., ¶ 22. However, MERS is not named as a defendant by plaintiff. Nor does he allege that MERS in anyway participated in the mortgage or foreclosure proceedings. Further, plaintiff appears to be referring to the Michigan Court of Appeals' decision in *Residential Funding Co., LLC v. Saurman*, 292 Mich. App. 321 (2011), *rev'd*, 490 Mich. 909, 805 N.W.2d 183 (2011). In *Saurman*, the court considered whether Mortgage Electronic Registration Systems (MERS), which was not named as the lender but was designated the mortgagee as a nominee for the lender, could foreclose by advertisement under § 600.3204. The court held that MERS could not invoke § 600.3204, because as only a nominee of the lender it did not itself have an interest in the indebtedness itself, but only an interest in the property. *See Saurman*, 292 Mich. App. at ___, 2011 WL 1516819, at *4-*6. Judge Wilder dissented, concluding that MERS did, as the mortgagee, have an interest in the indebtedness. *See id*. at ___, 2011 WL 1516819, at *12-*13. Plaintiff's reliance on *Saurman* is misplaced, for two reasons. First, the Michigan Supreme Court reversed the court of appeals's decision, explicitly adopting Judge Wilder's conclusion that MERS had an interest in the indebtedness. *See Saurman*, 805 N.W.2d at 183-84. Second, defendant does not stand in the same position as did MERS in *Saurman*. Here, Washington Mutual was both the lender and the mortgagee, and thus had an interest in the indebtedness. Unlike with MERS, however, Washington Mutual assigned its entire interest, including its interest in the indebtedness to defendant. Thus the court of appeals's decision in *Saurman* would be inapplicable even if it

remained good law. *See Williams v. U.S. Bank Nat'l Ass'n*, No. 10-14967, 2011 WL 2293260, at *1 (E.D. Mich. June 9, 2011) (O'Meara, J.). Thus, defendant is entitled to dismissal of any claim related to MERS or based on the Michigan Court of Appeals's decision in *Saurman*.

### d. MCLA § 600.2109

In the title of his complaint, plaintiff asserts that defendant violated MICH. COMP. LAWS § 600.2109, which provides:

> All conveyances and other instruments authorized by law to be filed or recorded, and which shall be acknowledged or proved according to law, and if the same shall have been filed or recorded, the record, or a transcript of the record, or a copy of the instrument on file certified by the officer in whose office the same may have been filed or recorded, may be read in evidence in any court within this state without further proof thereof; but the effect of such evidence may be rebutted by other competent testimony.

MICH. COMP. LAWS § 600.2109. Apart from the fact that plaintiff has failed to allege any facts relating to this claim, § 600.2109 is wholly inapplicable. This statutory provision, part of the Revised Judicature Act, establishes a rule for the introduction of evidence in court. It has no applicability to the recording of instruments nor does it create any cause of action. *See Ethridge v. Countrwide Home Loans, Inc.*, No. 12-cv-10705, 2012 WL 5389694, at *6 (Oct. 16, 2012) (Michelson, M.J.), *magistrate judge's report adopted*, 2012 WL 5389343 (E.D. Mich. Nov. 2, 2012) (Edmunds, J.); *Easton v. Fannie Mae*, No. 12-CV-10663, 2012 WL 1931536, at *3 (E.D. Mich. May 29, 2012) (Steeh, J.); *Stafford v. Mortgage Elec. Registration Sys., Inc.*, No. 12-10798, 2012 WL 1564701, at *4 (E.D. Mich. May 2, 2012) (Cohn, J.). Accordingly, defendant is entitled to dismissal of any claim based on § 600.2109.

### e. RESPA

Plaintiff also alleges, in conclusory fashion, that Washington Mutual and defendant violated

the Real Estate Settlement Procedures Act. This claim fails, for two reasons. First, plaintiff has not alleged any facts to show that Washington Mutual or defendant violated RESPA. He does not cite any specific provisions of RESPA that were violated, or explain which notices or disclosures required by the Act he was not provided. Thus, his complaint fails to state a claim. *See Shaya v. Countrywide Home Loans, Inc.*, No. 10-13878, 2011 WL 1085617, at *4 (E.D. Mich. Mar. 22, 2011) (Cox, J.). Further, any claims based on RESPA are barred by the statute of limitations. The applicable limitations provision requires that a claim be brought either within either 3 years or 1 year, depending on the type of violation alleged. *See* 12 U.S.C. § 2614. By the terms of the statute, the limitations period runs from the date of the "occurrence," not the date the violation is discovered, and the date of the occurrence is the date on which the loan documents are executed. *See Harris v. CitiMortgage, Inc.*, No. 11-1591, 2012 WL 2935594, at *6 (D.D.C. July 19, 2012) (citing *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 395 (5th Cir. 2003); *Palmer v. Homecomings Fin., LLC*, 677 F. Supp. 2d 233, 237-38 (D.D.C. 2010)); *Poskin v. TD Banknorth, N.A.*, 687 F. Supp. 2d 530, 552-53 (W.D. Pa. 2009). Here, the loan was closed on May 23, 2007, and plaintiff filed his state court complaint on March 6, 2012, well outside the three year limitation period. Accordingly, the Court should conclude that defendant is entitled to dismissal of plaintiff's RESPA claim.

### *f. FDCPA*

Plaintiff also appears to be attempting to assert a claim under the Fair Debt Collection Practices Act. *See* Compl., ¶ 17. As with his RESPA claim, plaintiff does not set forth any factual allegations supporting this claim, or allege what provisions of the FDCPA were violated, and in what manner. Further, it is clear that plaintiff could not maintain a claim under the FDCPA By its terms, the statute applies only to "debt collectors," *see Glazer v. Chase Home Finance LLC*, ___ F.3d ___,

11

___, 2013 WL 141699, at *2 (6th Cir. Jan. 14, 2013), which is defined as a person who "attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Thus, "a creditor is not a debt collector under the FDCPA." *Joyner v. MERS*, 451 Fed. Appx. 505, 507 (6th Cir. 2011) (citing *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734-35 (6th Cir. 2007)). Defendant is not attempting to collect a debt owed another. Rather, by virtue of the assignment, defendant owns the debt and is plaintiff's creditor. Thus, defendant is not subject to the FDCPA and is entitled to dismissal of plaintiff's FDCPA claim.

### g. UCC

Plaintiff next appears to assert a claim based on Articles 3 and 9 of the Uniform Commercial Code. *See* Compl., ¶¶ 4-5. Again plaintiff has failed to cite any specific provision that was violated, or to allege any facts to support a claim based on Article 3. Further, any such claim is without merit as a matter of law. " Article 3 of the UCC does not apply to a mortgage for real property, because it is not a negotiable instrument." *Pace v. Bank of America, N.A.*, No. 12-12014, 2012 WL 5929931, at *2 (E.D. Mich. Nov. 27, 2012) (O'Meara, J.); *see also*, *Jaboro v. Wells Fargo Bank, N.A.*, No. 10-11686, 2010 WL 5296939, at *6 (E.D. Mich. Dec. 20, 2010) (Duggan, J.). Further, Article 9 is inapplicable because "Article 9 of the UCC applies to personal property, not real property." *Pace*, 2012 WL 5929931, at *2. Accordingly, defendant is entitled to dismissal of plaintiff's UCC claim.

### h. REMIC Regulations

Plaintiff also asserts a violation of the statutes and regulations governing Real Estate Mortgage Investment Conduits. This claim is without merit. "'REMIC' is a real estate mortgage investment conduit, i.e., an entity owning a collateralized pool of real estate mortgages and related securities that satisfy certain technical requirements in the Internal Revenue Code." *In re Enron*

12

*Corp. Securities, Derivative & ERISA Litigation*, 761 F. Supp.2d 504, 525 fn. 9 (S.D. Tex. 2011). The REMIC statutes and regulations, in other words, are tax laws. Even if they were violated, the harm was to the government, not to plaintiff, and plaintiff therefore has no viable cause of action based on defendant's alleged failure to comply with this statutes and regulations. *See Moore v. Bank of America*, No. 12-12907, 2012 WL 6194225, at *5 (Nov. 13, 2012) (Whalen, M.J.), *magistrate judge's report adopted*, 2012 WL 6191499 (E.D. Mich. Dec. 12, 2012) (Friedman, J.); *Stafford v. Mortgage Electronic Registration Systems, Inc.*, No. 12-10798, 2012 WL 1564701, at *4 (E.D. Mich. May 2, 2012) (Cohn, J.) (citing cases). Accordingly, defendant is entitled to dismissal of this claim.

### i. Unjust Enrichment

Defendant is also entitled to dismissal of plaintiff's unjust enrichment claim. *See* Compl., ¶ 9. It is well established under Michigan law that a quasi-contract or implied contract theory, such as unjust enrichment, can only be maintained if the transaction in question is not the subject matter of an express contract. *See Barber v. SMH (U.S.), Inc.*, 202 Mich. App. 366, 375, 509 N.W.2d 791, 796 (1993); *Kuhfeldt v. Liberty Mut. Ins. Co.*, 833 F. Supp. 632, 638 (E.D. Mich. 1993) ("There cannot be an express and an implied contract covering the same subject matter at the same time."). Here, there was an express contract covering the mortgage and loan to plaintiff, and thus an unjust enrichment claim is not viable. *See McCann v. U.S. Bank, N.A.*, 873 F. Supp. 2d 823, 847 (E.D. Mich. 2012) (Ludington, J., adopting Report of Binder, M.J.); *Collins v. Wickersham*, 862 F. Supp.2d 649, 657-58 (E.D. Mich. 2012) (Duggan, J.).

### j. Quiet Title

Plaintiff also asserts a claim for quiet title. "Although styled as a separate claim for relief,

13

quiet title is a remedy and not a separate cause of action." *Steinberg v. Federal Home Loan Mortg. Corp.*, ___ F. Supp. 2d ___, ___, 2012 WL 4498297, at *7 (E.D. Mich. 2012) (Hood, J.). Plaintiff bears the initial burden of demonstrating an interest in the property. *See id.* In order to properly allege a quiet title action, plaintiff must meet the requirements of MICH. CT. R. 3.411. *See Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912, 917 (E.D. Mich. 2012) (Cohn, J.). Rule 3.411, in turn, provides that "[t]he complaint must allege (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." MICH. CT. R. 3.411(B)(2). Here, plaintiff does not allege any facts demonstrating a legitimate title dispute, or that would show that he has a superior interest in the property. To the extent plaintiff attacks the mortgage industry in general or any foreclosure proceedings that may have occurred, his challenge "'does not address a legitimate title dispute.'" *Mekani v. Homecomings Financial, LLC*, 752 F. Supp. 2d 785, 796 (E.D. Mich. 2010) (Borman, J.) (quoting *Anaya v. Advisors Lending Grp.*, No. 09-1191, 2009 WL 2424037 at *7 (E.D. Cal. Aug. 5, 2009)). "Plaintiff's failure to 'provide [any] legal or factual justification for [his] quiet title claim . . .' necessitates dismissal of his quiet title claim." *Id.* (quoting *Urbina v. Homeview Lending Inc.*, 681 F. Supp.2d 1254, 1262 (D. Nev. 2009)). Accordingly, the Court should grant defendant's motion with respect to plaintiff's quiet title claim.

### *k. Service Protection Agreement/HAMP*

In his response, plaintiff appears to assert a claim that defendant violated the Service Protection Agreement and the Home Affordable Modification Program (HAMP) in failing to provide him with a loan modification. This claim fails, for two reasons. First, plaintiff did not raise a claim based on HAMP in his complaint. A non-moving party plaintiff may not raise a new legal claim for

14

the first time in response to the opposing party's motion to dismiss. *See Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005). Second, HAMP and its accompanying regulations do not require mortgage servicers to modify any particular loans, *see Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010) (Duggan, J.), and even if they did neither the statute nor the accompanying regulations provide a plaintiff with a private right of action against a mortgage servicer, *see id.*; *see also*, *Ahmad v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 818, 826-30 (E.D. Mich. 2012) (Cox, J., adopting Report of Michelson, M.J.). Accordingly, the Court should conclude that, to the extent a HAMP claim is raised by plaintiff, defendant is entitled to dismissal of that claim.

### *l. Slander of Title*

Plaintiff also appears to assert in his response a claim for slander of title. This claim likewise fails because it was not raised in plaintiff's complaint. Further, plaintiff has not alleged sufficient facts to state a claim for slander of title. "In order to prove slander of title under Michigan law, plaintiff[] must show that defendant[] (1) maliciously published false matter, (2) that disparaged [his] title; and (3) caused special damages." *Minneweather v. Wells Fargo Bank, N.A.*, No. 12-13391, 2012 WL 5844682, at * 3 (E.D. Mich. Nov. 19, 2012) (Cohn, J.) (citing *GKC Mich. Theaters, Inc. v. Grand Mall*, 222 Mich. App. 294, 301, 564 N.W.2d 117 (1997); *Sullivan v. Thomas Org., PC*, 88 Mich. App. 77, 82, 276 N.W.2d 522 (1979)). Plaintiff has failed to allege any of these elements in his complaint, or to set forth in his response any allegations of fact that would establish these elements. Accordingly, the Court should conclude that defendant is entitled to dismiss of any slander of title claim plaintiff may be asserting.

D.      *Request for Leave to Amend*

15

In his response, plaintiff requests leave to amend the complaint. As a general rule, where a complaint fails to state a claim, a court should generally give a *pro se* party an opportunity to amend the complaint unless it plainly appears that the plaintiff will be unable to allege sufficient facts to state a claim. *See Brown v. Matauszak*, 415 Fed. Appx. 608, 614-15 (6th Cir. 2011); *Gordon v. England*, 354 Fed. Appx. 975, 981-82 (6th Cir. 2009). Indeed, even in the case of represented parties the Sixth Circuit has "held that 'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (quoting *Equal Employment Opportunity Comm'n v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993) (in turn quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991))). Nevertheless, the Court should conclude that plaintiff is not entitled to amend his complaint.

First, plaintiff has effectively already been given the opportunity to properly seek leave to amend his complaint, and has failed to do so. As explained above, plaintiff first filed his response, which included his request for leave to amend, prior to the filing of defendant's motion to dismiss. On May 3, 2012, I entered a scheduling order which required plaintiff to file a proper response to defendant's motion. In that Order, I explained that "to the extent plaintiff is seeking permission to amend his complaint," his response failed to "comply with E.D. Mich LR 15.1," which requires a moving plaintiff to attach a copy of the proposed amended complaint to any motion seeking leave to amend. Order, dated 5/3/12, at 5. I therefore denied plaintiff's request for leave to amend "without prejudice to renewal in accordance with Fed. R. Civ. P. 15(a) and E.D. Mich. LR 15.1." *Id*. Despite this admonishment to plaintiff concerning the appropriate means for seeking leave to amend, plaintiff has not filed a proper motion for leave to amend in accordance with Rule 15(a) and

Local Rule 15.1.

Second, notwithstanding the general rule that a *pro se* plaintiff should be given an opportunity to amend the complaint prior to dismissal of the action, a Court may dismiss the action where amendment would be futile. Here, plaintiff raises a litany of vague, conclusory claims that have been repeatedly rejected by the federal courts. For the most part, the claims are without merit regardless of the facts alleged by plaintiff. For example, regardless of any additional factual allegations plaintiff could make, it is clear that his FDCPA claim fails because defendant is not a debt collector, that his REMIC and HAMP and various other claims simply provide no legal basis for relief, and that his RESPA claim is untimely. Plaintiff does not offer in his response any additional factual allegations, or any basis upon which to conclude that he could allege any facts that would be sufficient to state a claim for relief on any of the legal bases asserted in the complaint. In these circumstances, the Court may dismiss the action without first providing plaintiff an opportunity to amend the complaint. *See Easton v. Fannie Mae*, No. 12-cv-10663, 2012 WL 1931536, at *4 (E.D. Mich. May 29, 2012) (Steeh, J.); *Dersch v. BAC Home Loan Servicing, LP*, No. 1:11-CV-267, 2011 WL 3100561, at *4 (W.D. Mich. July 25, 2011).

E.    *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff's complaint fails to state any claim upon which relief may be granted. Accordingly, the Court should grant defendant's motion to dismiss.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED.

R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 1/18/13

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail and on January 18, 2013
>
> s/Eddrey Butts
> Case Manager