UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. BROWN,

                  Plaintiff,                        Case Number 12-11440

v.                                           Honorable David M. Lawson

                                           Magistrate Judge Paul J. Komives

CHASE BANK, N.A., and
WASHINGTON MUTUAL BANK

                  Defendant.

_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS

On January 18, 2013, Magistrate Judge Paul J. Komives filed a report under 28 U.S.C. § 636(b)(1)(B) recommending that the Court grant the defendants' motion to dismiss in this mortgage foreclosure case. The plaintiff filed timely objections, and the defendants have filed a response. The matter is now before the Court for *de novo* review. After reviewing the pleadings, the magistrate judge's report, and the submissions of the parties, the Court is in substantial agreement with the magistrate judge, and therefore will adopt his report and recommendation.

I.

The magistrate judge set forth the factual background and procedural history of the case in his report, and it need not be repeated here. It is sufficient to state, as the complaint alleges, that on May 23, 2007, Virginia Lee Marvin conveyed the subject property, 13976 West Outer Drive, in Redford, Michigan to the plaintiff via a quitclaim deed, and the plaintiff executed a mortgage on the property in favor of Washington Mutual Bank that same day, securing a note in the amount of $71,250. On September 25, 2008, the FDIC took possession of the assets of Washington Mutual as its receiver, and subsequently sold certain of them, including the note and mortgage at issue here.

At some point, the plaintiff's loan became delinquent, foreclosure proceedings were commenced, and the plaintiff received a notice informing him of his right to an "Independent Foreclosure Review." As the magistrate judge observed, beyond setting out these general background facts,

> Plaintiff's complaint is . . . devoid of any factual allegations relating to his claims. For instance, it is not discernible from the complaint whether defendant actually foreclosed on the note, or who now holds title to the property. Rather, the complaint merely sets forth a litany of legal claims or citations.

Rep. & Rec. [dkt. #14] at 3.

The magistrate judge generously construed the complaint as raising various claims based on or relating to (1) fraud; (2) validity of the assignment of the mortgage; (3) the Mortgage Electronic Registration System; (4) Michigan Compiled Laws § 600.2109; (5) the Real Estate Settlement Procedures Act (RESPA); (6) the Fair Debt Collection Practices Act (FDCPA); the Uniform Commercial Code (UCC); (7) regulations governing Real Estate Mortgage Investment Conduits (REMICs); (8) unjust enrichment; and (9) quiet title. The magistrate judge also addressed the plaintiff's arguments and claims newly raised in his response relating to the Service Protection Agreement / Home Affordable Modification Program and an apparent claim for slander of title.

The magistrate judge concluded that none of those claims had merit. The plaintiff's objections only obliquely address the report and recommendation, and are in fact identical in text and substance to documents that the plaintiff has filed several times already at different stages of the case. Almost the entire body of the objections is apparently copied and pasted from the plaintiff's previously filed response to the motion to dismiss [dkt. #12], which, as the magistrate judge observed, duplicates a previously filed document entitled "response brief in opposition to defendants motion to dismiss statement of questions" [dkt. #3]. The magistrate judge noted in his report that he entered a prior order advising the plaintiff that the substance of this document is identical to

filings submitted in another matter involving other parties, and that it was therefore not responsive to the defendants' motion to dismiss [dkt. #8] at 4-5.   Rather than make a responsive filing, the plaintiff simply refiled the same "response."  After the magistrate judge filed his report, the plaintiff again chose, rather than making proper objections to the report and recommendation, simply to resubmit the same document in a slightly different format.

With the exception of the magistrate judge's findings and conclusions relating to (1) the validity of the mortgage assignment, (2) claims under the FDCPA, and (3) the claim for quiet title, the objections do not refer even in passing to any findings or conclusions of the magistrate judge on the plaintiff's various "claims," and the Court will adopt the report and recommendation with regard to the unaddressed issues without discussion.  *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).  With regard to the specific claims noted, to the extent that the plaintiff "objects" at all, he simply restates verbatim the same arguments that he already raised, and which the magistrate judge discussed at length in his report.

II.

Objections to a report and recommendation are reviewed *de novo*.  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The parties' failure to file objections to the report and recommendation waives any further right to appeal.  *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure

to object to the magistrate judge's report releases the Court from its duty to review independently the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd*, 380 F.3d at 912.

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997) (quoting *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Tatum*, 58 F.3d at 1109; *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009). "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true,

'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court but conclusions may not be unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements' " of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555). However, as long as a court can " 'draw the reasonable inference that the defendant is liable for the misconduct alleged,' a plaintiff's claims must survive a motion to dismiss." *Fabian*, 628 F.3d at 281 (quoting *Iqbal*, 556 U.S. at 678).

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Even if a document is not attached to a complaint or answer, "when a document is referred to in the

-5-

pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36. If the plaintiff does not directly refer to a document in the pleadings, but that document governs the plaintiff's rights and is necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be considered without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not its associated documents). In addition, "a court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579 (6th Cir. 2010) (citing *Commercial Money Ctr., Inc.*, 508 F.3d at 335-36).

In addressing the "sufficiency of the complaint as a general matter," the magistrate judge concluded:

> At the outset, plaintiff's complaint wholly fails to satisfy the requirements of [Federal Rule of Civil Procedure 8]. As noted above, the complaint is wholly devoid of any factual allegations. The entirety of plaintiff's complaint consists of statements of general legal principles and conclusory assertions that defendant failed to do certain things. The complaint does not provide any factual information about the property, mortgage, or foreclosure at issue, or allege any specific acts or omissions on the part of defendant. Plaintiff's unadorned, conclusory allegations of harm, with no factual enhancement, fail to state a claim for relief. See Iqbal, 550 U.S. at 555.

Rep. & Rec. at 7. After reviewing the pleadings, the Court agrees. Moreover, despite the paucity of substance in the complaint, the magistrate judge addressed in detail all of the legal issues and claims that the complaint could reasonably be construed as raising, and the Court agrees with and adopts the magistrate judge's reasoning as to the specific issues addressed in the report.

The plaintiff's "objections" do not point out any specific errors of fact or law in the magistrate judge's report, but merely repeat verbatim the same formulaic recitals of general

principles of fact and law that the plaintiff has already submitted in his prior filings. Because the plaintiff has failed to file any valid objections, the Court need not address the contentions raised in his most recent "objections," which were already discussed and rejected by the magistrate judge. "Objections disputing the correctness of the magistrate's recommendation but failing to specify the findings . . . believed to be in error are too general." *Spencer*, 449 F.3d at 725 (quotation marks and alterations omitted), and "the failure to file specific objections to a magistrate's report constitutes a waiver of those objections," *Cowherd*, 380 F.3d at 912.

Finally, the magistrate judge noted that the plaintiff's response to the motion to dismiss contained an apparent request to amend his complaint. The plaintiff's objections contain a similar apparent request, as did his previous similar filing [dkt. #3]. On May 3, 2012, the magistrate judge entered a scheduling order [dkt. #8] that specifically explained that "to the extent plaintiff is seeking permission to amend his complaint," his filings to that point failed to comply with E.D. Mich. LR 15.1, which requires the plaintiff seeking to amend to provide a copy of the proposed amended pleading. Despite the passage of more than nine months and the intervening filing of the defendants' motion to dismiss, the plaintiff has never filed any motion to amend and has not submitted any proposed amended complaint with any of his filings. Moreover, as the magistrate judge observed, nothing in the plaintiff's filings to date suggest that any amendment at this stage would be other than an exercise in futility. As the magistrate judge observed, the complaint "raises a litany of vague, conclusory claims that have been repeatedly rejected by the federal courts," and "[f]or the most part, the claims are without merit regardless of the facts alleged by plaintiff." The plaintiff has suggested no good cause for the Court to permit him to file an amended complaint, and after studying his filings, the Court has found none.

III.

The plaintiff has failed to provide a short and plain statement of any plausible claim for legal relief in his complaint, and has failed to support with any factual substance any of the claims that his complaint might be construed as raising.  Moreover, he has failed to raise any specific objections to the findings and conclusions of the magistrate judge's report and recommendation.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #14] is **ADOPTED**, and the plaintiff's objections [dkt. #15] are **OVERRULED**.

It is further **ORDERED** that the defendants' motion to dismiss [dkt. #7] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 26, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 26, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---